**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1032**

---

MOHAMED BACHIR BARRY,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-934-593)

---

Submitted:  June 28, 2006              Decided:  July 20, 2006

---

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Sopo Ngwa, Silver Spring, Maryland, for Petitioner.  Rod J.
Rosenstein, United States Attorney, Larry D. Adams, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mohamed Bachir Barry, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of Barry's applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] We deny the petition for review.

Barry challenges the immigration judge's finding that his testimony was not credible, and that he otherwise failed to meet his burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted). We uphold credibility determinations of the immigration judge if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the decisions of the Board and the immigration judge, and find that substantial evidence supports the Board's negative credibility finding, as well as its conclusion that Barry failed to establish the past persecution or well-founded fear of future persecution

---

[*]Barry did not challenge the immigration judge's denial of protection under the Convention Against Torture before the Board, and does not seek to raise the issue in this court.

necessary to establish eligibility for asylum. <u>See</u> 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Moreover, as Barry cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

- 3 -